# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **MANASSEH R. SIMMONDS,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **versus** | § | **CIVIL ACTION NO. H-12-2109** |
| | § | |
| **NATIONAL OILWELL VARCO, L.P.,** | § | |
| | § | |
| *Defendant.* | § | |

## COURT'S INSTRUCTIONS TO THE JURY

**Members of the Jury:**

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In deciding whether any fact has been proved by a preponderance of the evidence, you may,

unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law or for my rulings and instructions to you regarding the evidence, you should disregard anything I may have said during the trial in arriving at your verdict.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave at the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness. The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

# SPECIFIC INSTRUCTIONS

Plaintiff Manasseh Simmonds claims that he was retaliated against for engaging in activity protected by federal law. Defendant denies Plaintiff's claims and contends that Plaintiff never engaged in protected activity. Defendant further contends that it terminated Plaintiff for legitimate, non-retaliatory reasons.

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by federal law. To prove unlawful retaliation, Plaintiff must prove by a preponderance of the evidence that Defendant took an adverse employment action against him because he engaged in protected activity.

Protected activity includes opposing an employment practice that is unlawful under federal law, making a charge of discrimination, or testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under federal law. If the claim is for opposing an employment practice, Plaintiff must prove that he had at least a reasonable belief that the practice was unlawful under federal law.

"Adverse employment action" includes termination of employment.

Plaintiff does not have to prove that unlawful retaliation was the sole reason Defendant terminated Plaintiff, as long as he proves that Defendant took an adverse employment action against him because he engaged in protected activity.

If you disbelieve the reasons Defendant has given for its decision, you may infer Defendant terminated Plaintiff because he engaged in protected activity.

# DAMAGES

If you find that Defendant retaliated against Plaintiff in violation of federal law, then you must determine whether Defendant has caused Plaintiff damages and, if so, you must determine the amount, if any, of those damages.

You should not interpret the fact that I have given instructions about Plaintiff's damages as an indication in any way that I believe that Plaintiff should, or should not, win this case. It is your task first to decide whether Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant is liable and that Plaintiff is entitled to recover money from Defendant.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. On the other hand, Plaintiff need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of damages, and no others: (1) economic loss, which includes back pay and benefits; (2) compensatory damages, which include emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses; and (3) punitive damages.

Back pay and benefits include the amounts the evidence shows Plaintiff would have earned had he remained an employee of Defendant, and include fringe benefits such as life and health insurance, stock options, contributions to retirement, etc., minus the amounts of earnings and benefits, if any, Defendant proves by a preponderance of the evidence that Plaintiff received in the

interim.

Defendant asserts that Plaintiff failed to mitigate his damages. To prevail on this defense, Defendant must show, by a preponderance of the evidence, that: (a) there were "substantially equivalent employment" positions available; (b) Plaintiff failed to use reasonable diligence in seeking those positions; and (c) the amount by which Plaintiff's damages were increased by his failure to take such reasonable actions.

"Substantially equivalent employment" means a job that has virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the job he lost. Plaintiff does not have to accept a job that is dissimilar to the one he lost, one that would be a demotion, or one that would be demeaning. The reasonableness of Plaintiff's diligence should be evaluated in light of the individual characteristics of Plaintiff and the job market.

There is no exact standard for determining compensatory damages. You are to determine an amount that will fairly compensate Plaintiff for any injury he has sustained. Do not include as compensatory damages back pay or interest on back pay and/or benefits.

Punitive damages are those damages designed to punish a defendant and to deter a defendant and others from engaging in similar conduct in the future. In this case you may award punitive damages if Plaintiff proves by a preponderance of the evidence that: (1) the individual who engaged in the retaliatory acts or practices was a managerial employee; (2) he engaged in the retaliatory acts or practices while acting in the scope of his employment; and (3) he acted with malice or reckless indifference to Plaintiff's federal protected right to be free from retaliation.

If Plaintiff has proven these facts, then you may award punitive damages, unless Defendant proves by a preponderance of the evidence that the act was contrary to the employer's good faith

efforts to prevent retaliation in the workplace.

In determining whether an individual was a "managerial employee" of Defendant, you should consider the type of authority he had over Plaintiff and whether Defendant delegated employment decisions to the individual.

An action was in "reckless indifference" to Plaintiff's federally protected rights if it was taken in the face of a perceived risk that the conduct would violate federal law. Plaintiff is not required to show egregious or outrageous retaliation to recover punitive damages. However, proof that Defendant engaged in intentional retaliation is not enough in itself to justify an award of punitive damages.

In determining whether Defendant made "good faith efforts" to prevent retaliation in the workplace, you may consider things like whether it adopted anti-retaliation policies, whether it educated its employees on the federal anti-retaliation laws, and how it responded to complaints of retaliation.

## **THE VERDICT**

It is your sworn duty as jurors to discuss the case with one another in an effort to reach an agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you regarding your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. The lawyers may wish to talk to you after the case is over. You are free to do so or not, as you wish.

You may now retire to the jury room to conduct your deliberations.

**SIGNED** this __15th__ day of May, 2014.

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**